**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VICTORIA YOUNG, | Civil Action No. 11-1310 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | March 6, 2012 |

**WIGENTON**, District Judge.

Before the Court is plaintiff Victoria Young's ("Plaintiff") appeal of the Commissioner of Social Security's (the "Commissioner") final decision that Plaintiff is not disabled and therefore not eligible for disability insurance benefits under Title II, 42 U.S.C. § 421 *et. seq.*, or Title XVI, 42 U.S.C. §§ 1381-83, of the Social Security Act (the "Act"). The central issue is whether substantial evidence supports the Commissioner's decision that Plaintiff was not disabled.

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper pursuant to 28 U.S.C. § 1391(b). This appeal is decided without oral argument pursuant to Local Civil Rule 9.1(b). For the reasons discussed below, this Court **REMANDS** this matter for clarification.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a 47 year old woman with a high school education. (Compl. ¶ 4.) During the 15 years prior to her application for disability benefits, Plaintiff held three jobs, the most recent of which was her employment as a security officer at a shopping mall. (Final R. of Administrative Proceedings ("R.") 122.) Plaintiff served in this position from July 2005 to

1

March 2008 when she quit due to health problems.  (*Id.* at 116-17.)  Plaintiff returned to full time security work in March 2009.  (ALJ's Decision dated May 25, 2010 ("ALJ Decision") 6.)  However, Plaintiff was placed on disability in January 2010 due to her hypertension.  (R. 32.)

Plaintiff claims that she was disabled during the period of March 19, 2008 to March 31, 2009 due to her severe hypertension, anemia, and orthopedic conditions.  (Compl. ¶ 5.)  Plaintiff is 62 inches tall and weighs 181 pounds.  (ALJ's Decision 5.)  A CT scan of the Plaintiff's abdomen and pelvis on March 11, 2008 revealed that Plaintiff likely had several fibroid tumors.  (*Id.* at 4.)  On March 20, 2008, Dr. Nerieda Diaz-Johnson conducted an examination of Plaintiff and concluded that Plaintiff had a fibroid condition, and suffered from iron deficiency and hypertension.  (*Id.* at 5.)  Dr. Diaz-Johnson stated that she believed Plaintiff was incapacitated to the point that she could not perform full time work for a period of more than twelve months.  (*Id.*)  Sonograms taken on March 31, 2008 showed three uterine fibroids.  (*Id.*)  On May 5, 2008, Plaintiff underwent a hysterectomy at Trinitas Hospital.  (*Id.* at 5, Ex. 4F.)

On April 2, 2008, Plaintiff visited Dr. Prect Randhawa for an initial consultation regarding her shortness of breath and occasional symptoms of chest pain.  (*Id.* at 5.)  During the visit, Dr. Randhawa diagnosed Plaintiff with coronary artery disease.  (*Id.* at 5, Ex. 8F.)  On April 8, 2008, Plaintiff's diagnosis was atypical chest pain and palpitations during a follow up visit with Dr. Zahir Rahman.  (*Id.* at 5, Ex. 8F 2, 4.)

On July 22, 2008, Dr. Rambhai C. Patel conducted a consultative evaluation of Plaintiff where Plaintiff reported having hypertension for two years and anemia for 25 years.  (*Id.* at 5.)  Plaintiff was not taking medication for hypertension at the time of the evaluation and stated that she experienced dizziness and blurry vision when her blood pressure is high.  (*Id.*)  Plaintiff also complained of sharp chest pains.  (*Id.*)  Dr. Patel noted that Plaintiff had a decreased range of

motion in both shoulders and diagnosed Plaintiff with uncontrolled hypertension, atypical chest pain, possibility of arthritis of the lumbosacral spine, and history of anemia. (*Id.* at 5, Ex. 5F.)

On December 3, 2009, Dr. Steven Nehmer stated that Plaintiff has experienced left shoulder pain following her involvement in a motor vehicle accident on December 1, 2009. (ALJ's Decision 5.) Plaintiff received physical therapy and a cortisone injection following the accident and had limited motion of her left shoulder. (*Id.* at 5-6.) Plaintiff also saw Dr. Morteza Khaladj, who diagnosed Plaintiff with tendonitis following her complaints of right foot and ankle pain. (*Id.* at 6.)

On April 18, 2008, Plaintiff filed an application for Disability Insurance Benefits and for Supplemental Security Income Benefits for the period of March 19, 2008 to March 31, 2009. (R. 99-103.) The claim was denied both initially and upon reconsideration. (*Id.* at 51-56, 63-65.) Plaintiff filed a timely request for a hearing, which was held on April 28, 2010, before Administrative Law Judge Leonard Olarsch ("ALJ Olarsch"). (*Id.* at 66-69, 75-80.) ALJ Olarsch issued an unfavorable decision on May 25, 2010. (*See* ALJ's Decision.) Plaintiff sought Appeals Council review, however, the Appeals Council found no grounds to review ALJ Olarsch's decision. (R. 1.) Thereafter, Plaintiff commenced this District Court action asking this Court to reverse the Commissioner's final administrative decision or, in the alternative, to remand the decision and order a new hearing. (Compl. 2-3, at ¶¶ 2-3.)

Specifically, Plaintiff argues that: (i) at step two of the evaluation process, ALJ Olarsch did not consider Plaintiff's obesity, the limited range of motion in her back, or her limited motion in both shoulders to be severe impairments; (ii) at step three of the evaluation, ALJ Olarsch did not compare Plaintiff's severe impairments with one of the listed impairments; (iii) ALJ Olarsch's determination of Plaintiff's residual functional capacity ("RFC") at step four of the

evaluation does not reflect the evidence; (iv) ALJ Olarsch rejected the opinion of Plaintiff's treating physician with virtually no explanation; (v) ALJ Olarsch did not engage in the required pain evaluation; and (vi) at step five of the evaluation, ALJ Olarsch improperly relied on Grid Rulings instead of vocational testimony.  (Pl.'s Br. 2.)

**LEGAL STANDARD**

The Social Security Administration has promulgated a five-step evaluation to be used in determining whether an individual is entitled to Social Security disability benefits.  *See* 20 C.F.R. § 404.1520.  If the ALJ can determine if a claimant is disabled or not disabled at a given step the inquiry does not proceed any further.  20 C.F.R. § 404.1520(a)(4).  During the first step of the evaluation, the ALJ determines whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  The ALJ's inquiry ends at this point if the ALJ finds that the claimant is engaged in substantial gainful activity, as the substantial gainful activity renders the claimant ineligible for disability benefits.  20 C.F.R. § 404.1520(b).  If the claimant is not engaged in substantial gainful activity, the inquiry proceeds to step two where the ALJ determines if the claimant is suffering from a severe impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  A claimant is not disabled, and therefore does not qualify for disability benefits, if the ALJ finds that the claimant is not suffering from a severe impairment.  20 C.F.R. § 404.1520(c).

During step three of the evaluation, the ALJ must determine whether the claimant's severe impairment meets or equals a listed impairment.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant suffers from a listed impairment or the claimant's severe impairment is equal to a listed impairment, the claimant is disabled and is automatically entitled to disability benefits.  20 C.F.R. § 404.1520(d).  However, if the claimant does not suffer from a listed impairment or an equal impairment, the ALJ assesses the claimant's RFC based on all the relevant evidence in the

record before proceeding to step four.  20 C.F.R. § 404.1520(e).  At step four, the ALJ determines whether the claimant retains the RFC to perform their past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  The ALJ's inquiry ends at this point and the claimant is not eligible for disability benefits if the claimant can perform their past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant cannot perform their past relevant work, the ALJ's inquiry proceeds to step five where the ALJ must consider the claimant's RFC, age, education, and work experience to determine if the claimant can make an adjustment to other work.  20 C.F.R. § 404.1520(a)(4)(v).

This court must affirm the ALJ's decision if it is supported by substantial evidence.  42 U.S.C. § 405(g).  The substantial evidence standard requires that the ALJ's decision be supported by "more than a mere scintilla" of evidence and is generally satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The ALJ's findings are entitled to substantial weight and deference by the court.  *Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008).  However, the court may conduct a qualitative evaluation regarding the presence of substantial evidence to support the ALJ's decision.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).  Without a qualitative evaluation, the court's "review of social security disability cases ceases to be merely deferential and becomes instead a sham."  *Id.*  In addition, this Court may review the ALJ's decision to determine if it was based upon proper legal standards.  *Curtin v. Harris*, 508 F. Supp. 791, 795 (D.N.J. 1981).  Accordingly, this Court may remand an ALJ's decision to deny disability benefits "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits."  *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa 1976)).

**DISCUSSION**

A district court may vacate and remand an ALJ's decision if the ALJ rejects relevant medical evidence and fails to afford an explanation as to why he did so. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *see generally Kennedy v. Richardson*, 454 F.2d 376 (3d Cir. 1972). As stated by the Third Circuit in *Cotter*, "an [ALJ's] findings should be as comprehensive and analytical as feasible and [] should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." *Cotter* 642 F.2d at 705 (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). This Court will remand the instant matter for clarification of the ALJ's Decision regarding what evidence was considered or discarded by the ALJ in reaching the ALJ's conclusion.

Specifically, the following points should be clarified and addressed on remand.

*Step Two – Plaintiff's Severe Impairments*

At step two, the ALJ determines if the claimant is suffering from a severe impairment - the question is whether claimant has an impairment that significantly affects her ability to work. 20 C.F.R. § 416.920(c). Further, 20 C.F.R. § 416.921(a) provides that "[a]n impairment or combination of impairments is not severe if it does not significantly limit . . . . physical or mental ability to do basic work activities." The statute defines basic work activities to include functions such as ". . . . walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling . . . . seeing, hearing, and speaking" 20 C.F.R. § 416.921(b)

Here, the ALJ's Decision does not state why Plaintiff's obesity and limited range of motion in back and shoulders, were not considered severe impairments.

6

*Step Three – Listed Impairments*

At step three, the ALJ determines whether the claimant's severe impairment meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). Further, at step three, the ALJ is required to "compare the claimant's medical evidence to a list of impairments presumed severe enough to preclude any gainful work." *Caruso v. Comm'r of Soc. Sec.*, 99 F. App'x 376, 379 (3d Cir. 2004). In *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112 (3d Cir. 2000), the Third Circuit required the ALJ to "fully develop the record and explain his findings at step three," and to explain why all of claimant's impairments when combined did not meet or equal the listed impairments. *See Id.* at 120.

In the instant matter, the ALJ's Decision does not include a comparison of Plaintiff's severe impairments, singularly or in combination, to a listed impairment. This should be addressed on remand. Also, the RFC for "the full range of sedentary work" should be explained and the discussion should include what evidence the ALJ considered and why certain reports or evidence were discarded.

*Step Four and Five - RFC*

If there is not substantial evidence to find Plaintiff disabled under one of the listed medical impairments, the ALJ continues the analysis to determine whether Plaintiff can perform his past employment based on his RFC. 20 C.F.R. § 416.920(e). The RFC looks at all of the relevant medical and other evidence in the case record and measures what work, if any, Plaintiff is able to perform based on his mental and physical limitations. *Id*; 20 C.F.R. § 416.920(a)(4)(ii). At step four, the ALJ determines whether the claimant retains the RFC to perform their past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

In this matter, the ALJ found that Plaintiff could not perform her relevant past work. (ALJ's Decision 6.)  However, the ALJ found that:

> [a]fter careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment.

(*Id.* at 5.)

Overall, the record may support a finding of no disability for the limited time period, but it is unclear how the ALJ reached his ultimate decision.  The ALJ notes that Plaintiff returned to full time security work in March 2009, but he did not discuss his determination that Plaintiff's statements about pain were not credible and why opinion of treating physician was dismissed. (*Id.* at 6.)

The ALJ must also clarify his treatment of the relevant evidence and his determination of Plaintiff's RFC.  For example, the ALJ stated that he gave "little weight to the opinions of Dr. Diaz-Johnson as they are not supported by the medical evidence of record," but does not specify what medical evidence he found supported his conclusion.  (*Id.*)  The ALJ should address with specificity the facts of Plaintiff's case and his treatment of the record.

**CONCLUSION**

For the reasons set forth above, this matter will be **REMANDED** for clarification and more developed findings.  The ALJ should provide further explanation of the items in the record that are relied upon for his decision.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

Orig:   Clerk
Cc:     Parties

8